BOARD OF EDN. OF THE CLEVELAND CITY SCHOOL DIST., APPELLEE, *v.* GILLIGAN, GOVERNOR, ET AL., APPELLANTS.

(No. 73-705—Decided May 1, 1974.)

108

110

*Messrs. Kelley, McCann & Livingstone, Mr. Walter C. Kelley* and *Mr. Michael L. Gordon,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. James E. Michael,* for appellants.

WILLIAM B. BROWN, J. Originally, the object of this action was to prevent executive officers from taking continuous reductions from disbursements under the school foundation program to appellee.

However, with the termination of reductions in October 1971 and with the passage of H. B. 475 on December 20, 1971, the object of the litigation changed—presenting the question whether the amounts withheld from appellee for the months September and October of 1971 should now be restored to the school foundation program and remitted to appellee.

Appellants argue that they lack authority to make restoration upon their own initiative, and that the Revised Code contains no general provision directing the disposition of funds once withheld under R. C. 125.09, but subsequently unencumbered by operation of the abatement of fiscal strife.

On the other hand, appellee argues that the reductions ordered by appellants were without authority, and that the payments "* * * should have been restored after the Legislature had permanently and specifically appropriated funds and provided sufficient revenue therefor" by passage of H. B. 475.

Thus, all parties apparently agree that the resolution of this controversy lies in an interpretation of the pertinent provisions of H. B. 475.

Sections 40 and 41 of H. B. 475 provide, as follows:

"Section 40. Notwithstanding Chapter 3317 of the Revised Code:

"(A) A city, local, or exempted village school district which is eligible to receive payments under Section 3317.02 of the Revised Code for fiscal year 1971-72 or 1972-73, or both *shall be paid* in each of these years for which the district is eligible, an amount equal to the payments calculated for such district in fiscal year 1970-71 under former Section 3317.02 of the Revised Code or the amount calculated under divisions (A) through (F), inclusive, of Section 3317.02, or Section 3317.04 of the Revised Code, whichever is greater.

"(B) No school district which would not be eligible to receive payments in fiscal year 1971-72 or fiscal year 1972-73 under former Section 3317.02 of the Revised Code shall receive any payments under the Act in either of such years. [Emphasis ours.]

"Section 41. Notwithstanding any other provision of this Act or the effective date of this Act the first payment made under Sections 3317.02, 3317.06, and 3317.16 of the Revised Code, as amended by this Act shall be made during March, 1972, and beginning with such first payment, each school district, in addition to its regular payments under such sections, shall be paid from the general fund of the state in equal monthly installments for the remainder of the fiscal year 1972, such sums as the district would have been entitled to receive under Sections 3317.02, 3317.06, and 3317.-16, as amended by this Act, had Sections 3317.02, 3317.06, 3317.13, and 3317.16, as amended by this Act, been effective December 1, 1971, less any amount distributed to the dis-

trict between December 1, 1971, and the date upon which the first payment was made under Sections 3317.02, 3317.-06, and 3317.16, as amended by this Act.''

Construing those two sections together, we find that Section 41 applies to payments commencing December 1, 1971, which were to be determined by the revised formula contained in R. C. 3317.02, 3317.06 and 3317.16, as amended by H. B. 475. Section 41 therefore has no application to the funds withheld for the months of September and October 1971. However, Section 40 applies to fiscal year 1971 payments which are not provided for in Section 41 (*i. e.*, payments commencing July 1, 1971, and ending November 30, 1971), and, therefore, applies to the payments for September and October 1971.

Section 40 contains no specific provision for restoration of payment reductions. This omission has polarized the positions of the parties and has compelled the courts below to base their decisions upon matters collateral to the basic issue.

However, Section 40 does authorize payments to appellee in an amount calculated under R. C. 3317.02. Supported by the reasons that (1) September and October 1971 are included within the period specified in Section 40, and (2) there is money in the state fund available for the purpose for which it is sought, it is our opinion that Section 40 provides the necessary statutory authority to appellants to effectuate a restoration to appellee of payment reductions taken in September and October of 1971.

Inasmuch as we find that the amounts withheld should be restored, we affirm the judgment of the Court of Appeals, but we make no determination with respect to the validity of R. C. 125.09, to the propriety of orders issued in this case by appellants pursuant to R. C. 125.09, or to the applicability of R. C. 125.09 to R. C. Chapter 3317.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and P. BROWN, JJ., concur.